[Filed June 24, 1891.]

## DAN MARX *v.* MAX S. BLOCH, Administrator, ET AL.

Mortgagor and Mortgagee—Administration—Case in Judgment.—Where J. W. D., who was the administrator of A. D., deceased, and also an heir at law of said A. D., procured the entire interest of the other heirs at law of said A. D. to be vested in himself, and then mortgaged the land to secure the payment of his own debt with covenants of general warranty, and subsequently as such administrator takes such proceedings in the county court as result in a sale of all of said real property to pay the debts of A. D., deceased; *held*, that as against J. W. D. the surplus arising from the sale of said premises so mortgaged, after paying the debts of A. D., deceased, was subject to the lien created by the mortgage; *held further*, that J. W. D., by the covenants in his mortgage deed, had estopped himself from claiming either the land or its proceeds as against the plaintiff as long as said mortgage remained unsatisfied.

Union county: M. D. Clifford, Judge.

Plaintiff appeals.    Reversed.

The object of this suit is the foreclosure of a lien alleged to exist upon a certain fund now in the hands of the defendant M. S. Bloch as administrator of the estate of A. Dray, deceased. The facts upon which plaintiff claims said lien are about as follows: That about the nineteenth day of May, 1887, one A. Dray, now deceased, owned all the real property described in the complaint; that upon his demise the defendant J. W. Dray was duly appointed

his administrator; that thereafter said J. W. Dray secured deeds to himself for said real property from all the heirs at law of A. Dray, deceased; that thereafter while said administration was pending and unsettled, and on the fifteenth day of June, 1888, the plaintiff loaned said J. W. Dray the sum of $1,500, who agreed to pay interest thereon at the rate of ten per cent per annum; that on said day, said J. W. Dray executed to the plaintiff a mortgage on all of said property to secure said sum of money and any advances which plaintiff might thereafter make to said J. W. Dray; that said mortgage was in the form of an absolute deed with general covenants of warranty; that afterwards, about April 27, 1889, plaintiff made a further advance to said J. W. Dray on said security of $125, all of which sums of money were due and payable on demand; that thereafter such proceedings were duly had in the county court of Union county, Oregon, on the petition of J. W. Dray, as administrator of A. Dray, deceased, that an order was duly made for the sale of all of said real property for the payment of the debts of A. Dray, deceased, and that upon such sale the sum of $6,000 was realized; that afterwards said J. W. Dray was duly removed from said trust for cause, and the defendant M. S. Bloch was appointed administrator *de bonis non* of said A. Dray, deceased, and that said $6,000 came into the hands of said M. S. Bloch as such administrator.

It is also alleged that the indebtedness A. Dray, deceased, was $1,200, which has been paid from the proceeds of such sale, and that the expenses of closing and settling up said estate will not exceed $400, and that the balance of said fund remains in the hands of said administrator except about $400 which he paid to said J. W. Dray, as heir at law of A. Dray, deceased, and as owner of said real estate, and said administrator threatens to pay all the proceeds of said sale over to said J. W. Dray.

The defendants demurred to the complaint, which was

sustained and the suit dismissed, from which decree this appeal is taken.

*C. H. Finn,* and *John R. Crites,* for Appellant.

*T. H. Crawford,* for Respondents.

Strahan, C. J.—When the defendant J. W. Dray mortgaged the real property described in the complaint to the plaintiff to secure the payment of money, as against himself and all persons claiming under him by title subsequent, he set apart and appropriated his entire interest in said property to the payment of said debt. It is true that said property stood charged with a paramount claim, namely, the debts of A. Dray, deceased; but as soon as they are paid the rights created by the mortgage take precedence over the right of J. W. Dray either as heir or purchaser of the interests of his brothers. And inasmuch as the fund in court was realized from the sale of the mortgaged premises, as against J. W. Dray, the mortgagor, the same is subject to the lien created by such mortgage. In other words, as against the mortgagor this fund is treated in equity as realty.

The principle that we think applicable to these facts is stated in note 1 to section 1167, Pomeroy's Eq. Juris. thus: "Where land has been taken, not by voluntary negotiation, but by the compulsory proceedings authorized by statute, and the money paid into court, it continues to be real estate until it is taken out by some person having a right to elect to treat it as money—that is, by some person *sui juris* who is an unfettered owner. If the owner be an infant, or a lunatic, or if the land be subject to a settlement, the money necessarily retains its character as real estate." But however this may be, the defendant J. W. Dray, who is the only person beneficially interested in the proceeds of such sale beside the plaintiff, is estopped by the covenants in his deed from claiming either the land or its proceeds as long as the plaintiff's claim remains unsatisfied. He can

have no beneficial interest in the land or in its proceeds as long as his debt remains unpaid.

It was argued that the circuit court had no jurisdiction to entertain this suit, and no doubt it is on that point the trial court sustained the demurrer; but we think the objection not well taken. We concede to the county court the fullest jurisdiction over the subject matter pending before it. It is to order the payment of all debts due by deceased, the settlement of the accounts of the administrator, and the distribution of the estate of said A. Dray; but the plaintiff's equity rests upon the acts and transactions of J. W. Dray with him and is against J. W. Dray only except that the administrator is a party as a mere trustee, holding the disputed fund.

The decree of the court below will be reversed and the cause remanded to that court for further proceedings not inconsistent with this opinion.